IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

MARVIN MILLS,

                Plaintiff,

v.                                  CIVIL ACTION NO. 2:12-cv-02873

GLEN MCGARRY, et al.

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is the plaintiff's Motion for Emergency Preliminary Injunction [Docket 1]. The action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission of proposed findings of fact and recommendations for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) [Docket 17]. The Magistrate Judge has submitted findings of fact and has recommended that the court **DENY** the plaintiff's Motion for Emergency Preliminary Injunction [Docket 1] and **DISMISS** the plaintiff's complaint [Docket 8] with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. The plaintiff filed timely objections to the PF&R [Docket 21, 22].

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff has filed specific objections and, for the reasons explained below, **FINDS** that the plaintiff's objections to dismissing the 42 U.S.C. § 1983 claim alleging a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") have merit. The court **FINDS** that all other objections lack merit and are overruled. Accordingly, the court **FINDS** that the plaintiff has stated a claim upon which relief can be granted on the alleged violation of RLUIPA, but **FINDS**

that the plaintiff failed to state a claim upon which relief can be granted on all other claims. The court **ADOPTS** and incorporates the Magistrate Judge's findings with respect to all claims except the alleged violation of RLUIPA, and **DISMISSES** the plaintiff's claims except for the alleged violation of RLUIPA. The court **GRANTS** the plaintiff's Application to Proceed without Prepayment of Fees and Costs. Finally, the court **DIRECTS** the parties to appear for a hearing on the Motion for Emergency Preliminary Injunction on **March 5, 2013 at 10 am**. The plaintiff may appear by video conference. The court further **DIRECTS** defendant Glen McGarry, or the highest ranking Aramark employee listed as a defendant to this lawsuit, to appear at the hearing.

I.    **Background**

The factual background for this case was adequately set forth in the PF&R, and requires only a brief summary here.

The plaintiff is an inmate at the Mount Olive Correctional Complex ("MOCC"), in Fayette County, West Virginia. The defendants are employees of Aramark Food Service ("Aramark"). Aramark has a contract to provide food for the prisoners at MOCC. The plaintiff alleges that he is a practicing Hare Krishna, who in the past has been provided a vegetarian diet from Aramark in accordance with his religious beliefs. For medical reasons, the doctor at MOCC prescribed to the plaintiff a renal diet that mandates "restricted protein, sodium, [and] potassium" with an emphasis on 1,500 mg of sodium within a 24-hour period, and a "vegetable variety pack twice daily." (Compl., [Docket 8], at 12, ¶ 18–19). Aramark's standard renal diet serves "fish, meat, fowl, and eggs," which are "forbidden to adherents of the Hare Krishna religious beliefs." (*Id.* at 13, ¶ 21). The plaintiff attempted to negotiate, with certain employees of Aramark, a diet that would comport with both his religion and his medical needs but was allegedly told he had to

2

make a choice and that he "could waive the medical diet if he wants a religious diet." (*Id.* at ¶ 26).

On July 23, 2012, the plaintiff filed a complaint under 42 U.S.C. § 1983, stating certain violations of rights secured to him by the Constitution and laws. He alleges that the defendants' policies endangered his life and placed a substantial burden on the practice of his religion. This burden, he alleges, furthers no legitimate penological need or any compelling government interest, and is not the least restrictive means for achieving any such interest as required by RLUIPA, 42 U.S.C. § 2000cc-1(a), and the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (Compl., [Docket 8], at 14, ¶ 33). He also alleges that the defendants' policies violate West Virginia state law, referencing Article III, § 5 and § 10 of the Constitution of West Virginia. (*Id.*)

## II.    Standard of Review

### a.    Magistrate Judge's Recommendations

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the [c]ourt to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the report *de novo,* this court will consider the fact that

the plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**b. Motion for Preliminary Injunction**

The Supreme Court of the United States has recently clarified that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

The Prison Litigation Reform Act ("PLRA") requires that any preliminary injunction sought by prisoners concerning conditions of confinement "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. 3626(a).

**c. 28 U.S.C. § 1915A**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard set forth under 28 U.S.C. § 1915A is the same as the standard for dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed

factual allegations' but 'it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949–50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.    Discussion

The Magistrate Judge recommends that this court dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915A, and deny the Motion for Emergency Preliminary Injunction.

### a.  The First Amendment Claim

The Magistrate Judge found that Aramark's Medical Nutrition Therapy and Religious Meals Manual (the "Manual"), which governs the provision of meals in the correctional facilities with which Aramark has contracted to provide food services, provides procedures for non-standard diet orders through Aramark's Regional Dietitian. (PF&R, [Docket 17], at 7). Furthermore, the Manual states that "[w]hen a medical diet need (such as diabetes or renal disease) also exists, the medical diet order will take precedence in order to ensure the medical needs of the individual are met." (*Id.* at 8). Thus, Aramark told the plaintiff on the record that he would have to decline the medical diet before any other potential changes to his diet could be explored. (*Id.*)

The Magistrate Judge found that the plaintiff could decline the medical diet and then request that the Regional Dietitian approve a non-standard diet that would comport with the plaintiff's religious beliefs and his medical needs. (*Id.*) Because the Magistrate Judge found this to be a reasonable alternative to accommodate the plaintiff's religious rights, she proposed that the complaint fails to state a claim upon which relief can be granted under the First Amendment's Free Exercise Clause, and she accordingly proposed that the plaintiff is not entitled to a preliminary injunction on this claim. *See Turner v. Safley*, 482 U.S. 78, 90–91 (1987) (stating that a First Amendment claim, in the prison context, turns on the reasonableness of the restriction in relation to legitimate penological objectives, and stating that a court should

consider whether there are "alternative means of exercising the right that remain open to prison inmates").

The plaintiff objects, stating that he signed the waiver of his medical diet on December 13, 2012, after the PF&R, and as of January 16, 2012 his medical renal diet had not been modified. (Supplemental Objections, [Docket 22], at 2, ¶ 3). The plaintiff states that Aramark failed to contact its Regional Dietitian, and therefore failed to adhere to its own policy. (Objections, [Docket 21], at 10). The court **FINDS** that the diet selection system provided by Aramark, irrespective of the procedure for obtaining a non-standard diet, is reasonable in light of the penological objectives of budgetary efficiency and maintaining order through the equal treatment of prisoners. Accordingly, this objection is without merit and is overruled.

**b. The RLUIPA Claim**

Section 3 of RLUIPA governs restrictions on religious exercise by institutionalized individuals by state or local governments. In relevant part, RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). A prisoner's rights under RLUIPA are more expansive than those under the First Amendment. *Lovelace v. Lee*, 472 F.3d 174, 199–200 (4th Cir. 2006).

The Magistrate Judge proposed that the state's priority of ensuring that the medical needs of an inmate are properly met is a compelling governmental interest that justifies the placement of the described substantial burden on the plaintiff's religious exercise.[1] (PF&R, [Docket 17], at

---

[1]     A substantial burden on religious exercise exists if a policy "'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs,' or . . . forces a person to 'choose between following the precepts of her religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of her

11). Furthermore, she proposed that the present procedures are the least restrictive means of achieving the interest of meeting prisoners' medical needs. (*Id.*) Prisoners in the plaintiff's position generally have vegan options available to them. When medical issues necessitate a change in diet that might be contrary to a prisoner's religious beliefs, supposedly the prisoner could waive the medical diet or make a request to the Regional Dietitian for a non-standard diet. The record suggests, however, that this procedure is not being followed. [Exhibits, Docket 21 and 22]. If such is the case, the procedure outlined in the Manual cannot be the basis for dismissing this claim. Thus, the plaintiff has stated a plausible claim under RLUIPA such that it should not be dismissed at this time.

### c. The Plaintiff's Motion for Emergency Preliminary Injunction

Because the RLUIPA claim is sufficiently stated, and for other reasons appearing to the court, a hearing on the Motion for Emergency Preliminary Injunction will be held on **March 5, 2013 at 10 am**.

### d. The Eighth Amendment and West Virginia Constitution Claims

The plaintiff's Eighth Amendment and West Virginia constitution claims appear to be centered around allegations of cruel and unusual punishment.[2] The Magistrate Judge found that the plaintiff has been placed on a diet that restricts certain products that may be harmful to his health, but that conflicts with his religious beliefs. (PF&R, [Docket 17], at 13). She proposed that this fails to demonstrate that any of the defendants have been deliberately indifferent to a serious medical need of the plaintiff. (*Id.*); *see Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (setting

---

religion . . . on the other hand.'" *Smith v. Ozmint*, 578 F.3d 246, 251 (4th Cir. 2009) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (citations omitted)). The Magistrate Judge presumed that there is a substantial burden on the plaintiff's religious exercise, as does this Order. (PF&R, [Docket 17], at 11).

[2] West Virginia's constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." W.V. Const. art. III, § 5; *see also* U.S. Const. amend. XIII (substantially the same).

8

the standard for evaluating prisoners' claims of cruel and unusual punishment relating to medical care).

The plaintiff objects and states that Aramark's actions were cruel because it failed to adhere to its own policy in seeking a non-standard diet even when it had knowledge of the plaintiff's religious beliefs. (Objections, [Docket 21], at 10). He further contends that he has been served meals contaminated by foods that are prohibited by his religious beliefs, and he has had to forego complete meals because of this. (*Id.*) He alleges that he has lost substantial weight and muscle mass as a result. (*Id.*)

This court **FINDS** that the act of giving a prisoner daily sustenance whose quality comports with the overwhelming majority of society's standards, but of a nature that does not fully comport with a prisoner's religious beliefs, does not arise to the level of punishment that is "incompatible with the evolving standards of decency that mark the progress of a maturing society . . . or [that] involve[s] the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 102–03 (internal quotations omitted) (citations omitted); *see id.* at 102 (stating that such punishments are repugnant to the Eighth Amendment). West Virginia's interpretation of cruel and unusual punishment is substantially the same. *See State ex rel. K.W. v. Werner*, 242 S.E.2d 907, 910 (W. Va. 1978) ("We must test the acts according to present day concepts of morality and decency that mark the progress of a maturing society.") (citing *Weems v. United States*, 217 U.S. 349, 378 (1910); *Trop v. Dulles*, 356 U.S. 86, 101 (1958); *State ex rel. Pingley v. Coiner*, 186 S.E.2d 220 (W. Va. 1972)). Accordingly, the objections in regard to the Eight Amendment and the West Virginia constitution claims are without merit and are overruled.

IV.     **Conclusion**

For the foregoing reasons, the court **FINDS** that the plaintiff's objections with respect to the RLUIPA claim have merit. The court overrules the plaintiff's objections with respect to all other claims and **FINDS** that these objections lack merit. Accordingly, the court **FINDS** that the plaintiff has stated a claim upon which relief can be granted on the alleged violation of RLUIPA, but **FINDS** that the plaintiff failed to state a claim upon which relief can be granted on all other claims. The court **ADOPTS** and incorporates the Magistrate Judge's findings with respect to all claims except the alleged violation of RLUIPA, **DISMISSES** the plaintiff's claims except for the alleged violation of RLUIPA, and **GRANTS** the plaintiff's Application to Proceed without Prepayment of Fees and Costs. The court **DIRECTS** the parties to appear for a hearing on the Motion for Emergency Preliminary Injunction on **March 5, 2013 at 10 am**. The plaintiff may appear by video conference. The court further **DIRECTS** defendant Glen McGarry, or the highest ranking Aramark employee listed as a defendant to this lawsuit, to appear at the hearing.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     February 26, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

10